UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CIANBRO CORPORATION, | ) | |
|                        Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 2:08-cv-00128-DBH |
| | ) | |
| GEORGE H. DEAN, INC. d/b/a DEAN STEEL, | ) ) | |
|                        Defendant. | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES**

Plaintiff Cianbro Corporation requests an award of reasonable attorneys' fees and costs against Defendant George H. Dean, Inc., d/b/a Dean Steel pursuant to 46 U.S.C. § 31343(c)(2). The motion follows a declaratory judgment that two vessels owned by Hornbeck Offshore Service, LLC and Hornbeck Offshore Transportation, LLC, and bow sections removed from the vessels are not subject to any maritime lien in favor of Dean Steel. (Decl. J., Doc. No. 78.) Cianbro seeks to recover $92,413.00 spent on counsel, as well as costs. According to Cianbro, fees are warranted under 46 U.S.C. § 31343(c)(2) because Dean Steel's position in the previous litigation was not "substantially justified" and the award would not be unjust under the circumstances. (Fee Application, at 3-4, Doc. No. 87.) The Court referred the motion for recommended decision. I find that Dean Steel's position was not substantially justified and that an award of fees in the sum of $54,790.50 would not be unjust. I recommend that the Court grant Cianbro's fee application in that amount and award costs to be computed by the Clerk on the basis of Cianbro's bill of costs (Doc. No. 91).

## LEGAL STANDARD

According to the general "American Rule" applied in admiralty cases, attorneys' fees are not awarded to the prevailing party as a matter of course. Am. Union Transp. Co. v. Aguadilla Terminal, Inc., 302 F.2d 394, 396 (1st Cir. 1962) (counsel fees not allowable absent statutory authority). However, contrary to Dean Steel's assertion, bad faith is *not* required in the presence of a governing statute or contract allowing for attorneys' fees. Attorneys' fees are available to the prevailing party only under the following circumstances: (1) a federal statute governing the claim provides for them[1]; (2) a contract provides for them; or (3) the party to be sanctioned has acted in bad faith. Gradmann & Holler HmbH v. Cont'l Lines, S.A., 679 F.2d 272, 273-74 (1st Cir. 1982); see also Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 838 (11th Cir. 2010); Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724, 730 (5th Cir. 1980).

Statutory authority for awarding attorneys' fees exists in 46 U.S.C. § 31343(c)(2), the very statutory provision that governed Cianbro's declaratory judgment claim. It provides that in maritime lien declaratory judgment proceedings "[t]he court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust." 46 U.S.C. § 31343(c)(2).

The "substantially justified" standard is not expounded upon in the Act. The single unreported decision interpreting the standard under section 31343(c)(2) looked for guidance to cases decided under the Equal Access to Justice Act, which contains language similar to that of

---

[1] State fee-shifting statutes are an exception to the rule, unless the dispute is not normally subject to maritime law. Southworth Mach. Co. v. F/V Corey Pride, 994 F.2d 37, 41 (1st Cir. 1993). Where maritime claims are at issue, state fee-shifting statutes are not applied. Id.

the statute at issue here.[2]  Oceana Publ'ns, Inc. v. Costa, No. 203-CV-608-FTM-DNF, 2005 WL 1228877, *1 n.1 (M.D. Fla. May 23, 2005).  In Pierce v. Underwood, the Supreme Court held that a government position is "substantially justified" for purposes of the EAJA's fee provision if it has a "reasonable basis in both law and fact." 487 U.S. 555 (1988).  This construction comports with Black's as well.  Black's Law Dictionary 1566 (9th ed. 2009) (defining "substantially justified" as "having a reasonable basis in law and in fact.").[3]  My research turns up no contrary authority.

## DISCUSSION

Cianbro is entitled to an award of fees if Dean Steel's assertion of maritime liens was not substantially justified—lacked a reasonable basis in law and in fact—and if the circumstances do not make an award unjust.  I find that Cianbro is entitled to fees under the circumstances of this case and that an award of $54,790.50, for fees, is not unjust.

**A.     Dean Steel's assertion of liens was not substantially justified in law or in fact**

The Recommended Decision adopted by the District Court granting summary judgment for Cianbro demonstrates that Dean Steel's position in the litigation was not substantially justified.  The Court issued summary judgment for Cianbro on two grounds.  First, the court concluded that Dean Steel failed to raise a genuine issue of material fact that it acted at the direction of the Vessels' owners or the owners' designee.  The Court found that Dean Steel's

---

[2]     Section 2412 of the Equal Access to Justice Act states that "a court shall award to a prevailing party other than the United States . . . fees and other such expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

[3]     It is worth noting that cases interpreting "substantially justified" under the EAJA have taken a very similar approach.  See also Grieves v. Astrue, 2010 WL 145114, * 2 (7th Cir. 2010) ("The government's position must have a reasonable factual and legal basis, and there must be a reasonable connection between the facts and the legal theory.").  Thus, the straightforward reading of "substantially justified" applied in the instant case yields the same outcome as delving into case law interpreting that language under the EAJA.

contentions "do not support a finding that Dean Steel's professed belief [that HUB could bind the vessels] was reasonably founded from an objective standpoint." (Doc. No. 72 at 13.) More emphatically, the assessment of Dean Steel's position was that "[u]ltimately, the circumstances offer no reasonable justification to infer that the subcontractor (HUB) had authority to bind the vessels with respect to its acquisition of its construction supplies." (Id. at 16.) Second, the Court held that Dean Steel failed to raise a genuine issue of material fact that it had delivered necessaries to the vessels, another fundamental shortcoming in its position. (Id. at 12). In ruling that Dean Steel itself did not actually furnish its steel to the vessels, the court looked to Piedmont & Georges Creek Coal v. Seaboard Fisheries Co., 254 U.S. 1, 6-8 (1920), in which the Supreme Court held that a coal dealer did not have maritime liens against vessels that used the dealer's coal because the dealer delivered the coal to the owner's factories rather than to the vessels. When the coal ultimately reached the vessels, it did so at the direction of the corporate owner of the fleet of vessels, not at the direction of the coal dealer. Id. at 7. "The difficulty" was that the coal dealer "did not furnish coal to the vessels . . . and there is nothing in the Act . . . which removes that obstacle." Id. at 11. In the instant case, the Court held that there was *no* evidence that Dean Steel had supplied necessaries to the Vessels, only to HUB, and further noted that "this case would appear to be even clearer than the situation in Piedmont because the delivery was not even to the owner of the vessel or some other person with authority to bind the vessel, whereas in Piedmont the delivery did at least go directly to the owner." (Rec. Dec. at 19.) This was a "simple fact" that undercut Dean Steel's assertion of liens. (Id.)

     Despite these basic flaws in Dean Steel's position, it appealed the Court's judgment. The First Circuit held that there were "at least four barriers insulating the Vessels from . . . a maritime lien." Cianbro Corp. v. George H. Dean, Inc., 596 F.3d 10, 15 (1st Cir. 2010). Among these

were barriers demonstrating that "no claim of any nature could be made by Dean Steel against the Vessels [and] certainly not one involving a maritime lien." Id.  The First Circuit inferred that Dean Steel was proceeding based on "the mistaken apprehension that a maritime lien is the functional equivalent of a materialman's lien in land-related jurisprudence, a misconception which was clarified by the Supreme Court [in Piedmont & George Creek Coal Co] some time ago."  Id.  The First Circuit's affirmation of this Court's judgment reflects additional, basic flaws in Dean Steel's case, which need not be restated here.  Both this Court and the First Circuit already have concluded, in effect, that Dean Steel's assertion of maritime liens against the Vessels was not substantially justified in fact or in law.

**B.     An Award of $54,790.50 would not be unjust under the circumstances**

The facts demonstrating that Dean Steel's assertion of maritime liens was not substantially justified were or should have been apparent to Dean Steel before Cianbro commenced this litigation.  In a letter dated April 15, 2008, legal counsel for Cianbro informed Dean Steel that the liens were not justified under maritime law and requested that the liens be discharged.[4]  (See Affidavit of John R. Bass, Esq., Doc. No. 88.)  In this letter, Cianbro's counsel explained that Dean Steel had not provided necessaries to the Vessels on the order of the owner or person authorized by the owner as required by 46 U.S.C. § 31342, and that a contractor (such as Cianbro) lacks the authority to commit the credit of a vessel to a subcontractor (such as Dean Steel).  (Id.)  An award of attorneys' fees is not unjust under the circumstances, provided that the fee award is reasonable.  Reasonable attorneys' fees are typically calculated using the "lodestar method," which involves multiplying the number of hours productively spent by a reasonable

---

[4]     Cianbro also warned Dean Steel that if the liens were not removed, Cianbro would commence an action in federal court seeking a declaratory judgment invalidating the liens, as well as an award of costs and attorneys' fees. (Bass Aff., Ex. A.)

5

hourly rate.  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  The district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

      Cianbro requests a fee award based on an hourly rate of $185.00 and $195.00 per hour for services of lead counsel and $150.00 per hour for the services of associate counsel at the law firm of Thompson, Bull, Furey, Bass & MacColl, LLC, PA.  Cianbro paid bills from this firm in the total amount of $61,389.00.  Those bills are attached as exhibits to the Affidavit of John R. Bass, Esq. (Doc. No. 88).  Due to the issue that arose in relation to Cianbro's standing in this case, the Vessels' owners intervened.  Intervention called for the retention of additional counsel for the intervening parties, Tompkins, Clough, Hirshon & Langer, P.A.  Cianbro paid the associated bills and requests a fee award based on the hourly rate of $185.00 and $195.00 for services of lead counsel, $130.00 and $140.00 for co-counsel, and $75 for paralegal services.  Cianbro paid bills from this firm in the total amount of $31,024.00.  The associated bills are attached as exhibits to the Affidavit of Leonard W. Langer, Esq. (Doc. No. 90).

      Dean Steel challenges the fee request on various grounds.  The first ground concerns the evidentiary support for the requested hourly rates because the initial application is supported only by the affidavits supplied by the lead counsel from each firm whose bills are at issue. (Def.'s Opp'n at 9, Doc. No. 95.)  Cianbro has rectified this oversight with its reply memorandum, which attached the Affidavit of Nicholas Walsh, Esq., who attests to equivalent hourly rates for litigation services provided this Court.  (Doc. No. 96-1.)  The hourly rates in question are not at all surprising, are adequately supported by the evidence, and are reasonable in light of similar applications submitted to this Court in recent years.

Dean Steel also challenges the adequacy of counsels' billings, particularly focusing on the bills submitted by counsel for the Hornbeck Intervenors. (Def.'s Opp'n at 10.) I have reviewed the billings that support the fee request associated with Cianbro's retention of Thompson Bull. I find these billings to be reasonable, both in detail and in the time expended for the identified tasks. However, I discount the billings by Attorney Bass related to a "dead ship" issue that never arose in this litigation. This accounts for 0.7 (May 22, 2008), 0.9 (June 6, 2008), 1.1 (June 9, 2008), and 0.1 (Feb. 24, 2009) hours. I also discount "standing" related billings because I conclude that the standing issue (also described as an issue of "possessory interest"), in fairness, should not be taxed to Dean Steel. This accounts for 1.2 (May 20, 2008), 2.8 (May 21, 2008), and 2.1 (June 10, 2008) hours. I also discount some of the billings associated with the Intervenors' joinder because this issue should have been identified preliminarily to filing suit and I conclude it is not just to tax Dean Steel with these billings. This accounts for 1.3 (June 13, 2008), 0.2 (June 17, 2008), 0.3 (June 24, 2008), 1.3 (June 25, 2008), 0.5 (June 26, 2008), 0.3 (July 7, 2008).[5] Attorney Bowman's billings are not reduced. In all, these deductions account for 12.8 hours of Attorney Bass's time, all of which was billed at the $185 hourly rate, for a total discount of $2,368.00.

In addition to the foregoing deductions, I also deny the billings associated with the motion to substitute a bond, or what became a motion to set and approve a bond per Supplemental Rule E(5)(b). (Mem. Dec. on Mot. to Approve Substitution of Bond for Release of Property at 5, Doc. No. 25.) I exclude these billings because they do not concern the lien-

---

[5] I cut the entire time for some of these dates because the billings do not allow for me to differentiate among the tasks identified. I do not cut all of the time billed by Attorney Bass related to conferences and the like involving Intervenors' counsel because he would be advising the client, in any event, and because I have concluded that the billings of Intervenors' counsel not be taxed to Dean Steel on account of duplication of effort.

related declaratory judgment issue.  The Act at issue in the declaratory judgment action only entitles the prevailing party to fees associated with the declaratory judgment action.  This accounts for 1.8 (Apr. 2, 2008), 0.8 (Apr. 21, 2008), 0.4 (Apr. 22, 2008), 1.1 (Apr. 23, 2008), 0.5 (Apr. 25, 2008), 0.5 (Apr. 28, 2008), 2.1 (Apr. 29, 2008), 1.3 (May 2, 2008), 0.3 (May 5, 2008), 0.9 (May 15, 2008), 0.8 (May 16, 2008), 0.7 (May 16, 2008), 1.5 (May 28, 2008), 0.8 (July 11, 2008), 0.8 (July 16, 2008), 0.3 (Aug. 20, 2008), 1.1 (Aug. 21, 2008), 0.6 (Sept. 2, 2008), 3.1 (Sept. 22, 2008), 0.4 (Oct. 2, 2008), 1.1 (Oct. 7, 2008), 0.2 (May 13, 2009), and 1.4 (Sept. 16, 2009) hours.[6]  In all, these deductions account for 22.5 hours of Attorney Bass's time.  The hours through the August 21 billing (15.7 hours) are billed at $185 per hour.  The later billings (6.8 hours) are at the $195 hourly rate.  Attorney Bowman's billings are not at issue.  The additional deduction associated with the bond issue comes to $4,230.50.

Of the $61,389.00 requested for fees paid to Thompson Bull, I recommend that the Court award $54,790.50, to account for the reductions outlined above.  I further recommend that the Court deny the request for fees in relation to the Tompkins Clough billings because of the inherent duplication of effort.  The recommended award of $54,790.50 in fees is an appreciable award for this declaratory judgment issue, in my view, but a just one, particularly in light of the unnecessary appeal to the First Circuit.

## CONCLUSION

For the reasons set forth in the discussion, I RECOMMEND that the Court GRANT Plaintiff Cianbro's Application for Award of Attorneys' Fees (Doc. No. 87), in the reduced

---

[6] There would be a deduction for June 10, 2008, but the time has already been accounted for in relation to the standing issue.

amount of $54,790.50, and award costs to be computed by the Clerk on the basis of Cianbro's bill of costs (Doc. No. 91).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 28, 2010