**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| CIANBRO CORPORATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-128-P-H |
| | ) | |
| GEORGE H. DEAN, INC., D/B/A | ) | |
| DEAN STEEL, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

After oral argument on August 13, 2010, and upon de novo review of the Magistrate Judge's Recommended Decision, I now adopt the Recommended Decision to award attorneys fees to the plaintiffs for their successful lawsuit to secure declaratory judgment that the defendant was not entitled to a maritime lien. Under 46 U.S.C. § 31343(c)(2), as amended in 2002, I conclude that bad faith is no longer a prerequisite to an award of attorneys fees.

The maritime lien statute now states: "The court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust." 46 U.S.C. § 31343(c)(2). That was a new provision added in 2002 as part of a general revision of the statute for recording maritime liens. See Maritime Transportation Security Act, Pub. Law. No 107-295, § 205, 116 Stat. 2064, 2095 (2002). Although the 2002

amendment states that § 31343 as amended "does not alter in any respect the law pertaining to the establishment of a maritime lien, the remedy provided by such a lien, or the defenses thereto, including any defense under the doctrine of laches," § 31343(f), it clearly does enact a change in the American rule concerning attorneys fees. As the defendant's lawyer pointed out at oral argument, many cases during the preceding century dealing with attorneys fees had required bad faith. See, e.g., Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir. 1986). Cases dealing with § 31343 since 2002, however, recognize that a different standard applies. See Whalen v. M/V Miluska, 2010 WL 2640197 (9th Cir. June 29, 2010); Oceana Publ'ns, Inc. v. Costa, 2005 WL 1228877, (M.D. Fla. May 23, 2005).[1] Under the plain language of the new provision, bad faith is not required.

In this case, Cianbro (later joined by Hornbeck the vessels' owner), brought a declaratory judgment to declare Dean Steel's maritime lien invalid. See Compl. ¶ 2 (Docket Item 1). Dean Steel lost the case at summary judgment, not having sufficient facts in its favor to reach trial. See Cianbro Corp. v. George H. Dean, Inc., 2009 WL 485094 (D. Me. Feb 25, 2009), adopted by Order of Mar. 31, 2009 (Docket Item 77). The First Circuit affirmed the

---

[1] Each of these cases declined to award fees. In Whalen, the trial court found a fee award would be unjust because the plaintiff was in "unremedied breach" when served with a lien. Whalen v. M/V Miluska, 2010 WL 2640197, at *1 (9th Cir. June 29, 2010). In Oceana, the court denied a fee award because the defendant was, in fact, justified in filing a lien. Oceana Publ'ns, Inc. v. Costa, 2005 WL 1228877, at *1 (M.D. Fla. May 23, 2005). In Puerto Rico Ports Authority v. Katy, 427 F.3d 93 (1st Cir. 2005), the First Circuit discussed bad faith in connection with an attorney fee award for a wrongful arrest of a vessel. There is no indication that the parties or the court decided an award of attorney fees for an improper recordation of lien under § 31343.

summary judgment decision.  Cianbro Corp. v. George H. Dean, Inc., 596 F.3d 10 (1st Cir. 2010).  The First Circuit's decision made clear that this was not a close case and, among other things, stated that Dean Steel confused maritime liens with land-based mechanics and materialmen's liens, "a misconception which was clarified by the Supreme Court some time ago." Id. at 15 (citing Piedmont & Georges Creek Coal Co. v. Seaboard Fisheries Co., 254 U.S. 1, 8-9 (1920).  Although Dean Steel's lawyer attempted to re-argue some of these issues at oral argument on the attorneys fee award, I agree with the Magistrate Judge that Dean Steel's position on the merits of the underlying lien claim was not "substantially justified."  See Cianbro Corp. v. George H. Dean, Inc., 2010 WL 2670844, at *2 (D. Me. June 28, 2010).

Dean Steel has not shown "other circumstances" that "make an award of costs and attorneys fees for its improper lien procedures unjust" under § 31343(c)(2).[2]

Therefore, an attorneys fees award is available.

Dean Steel complains that the Recommended Decision treats Cianbro as "entitled" to fees, whereas the statute says that a court "may award" fees, a discretionary standard.  Def.'s Objection to Recommended Decision on Pl.'s Mot. for Award of Attorneys' Fees at 2 (Docket Item 98).  Although the

---

[2] Dean Steel argues that the burden is on Cianbro/Hornbeck to establish that Dean Steel's position both was *not* "substantially justified" and to establish "other circumstances" that make an award of fees "unjust."  I doubt that is a correct reading of the fee provision's plain language because the statute makes an award available "unless" the opposing party's position was substantially justified or other circumstances make fees unjust.  That language suggests that the burden is on the party opposing the prevailing party's request for fees to show the existence of one of these two escape hatches.

3

Recommended Decision does use the word "entitled," Cianbro, 2010 WL 2670844, at *2, it also exercises discretion, mentioning that the relevant facts on the lien claim "were or should have been apparent to Dean Steel before Cianbro commenced this litigation," and an April 15, 2008, letter from Cianbro's lawyers to Dean Steel giving notice that the liens were not justified, should be discharged, the reasons for that position, and a demand for costs and attorneys fees if the liens were not removed, id. at *3 & n.4.

Exercising my own discretion under § 31343, I agree with the Magistrate Judge that fees are appropriate here, given the lack of justification for Dean Steel's lien position and the advance notice that Cianbro gave Dean Steel about it.

Finally, Dean Steel challenges the amount of the fee award. But the Magistrate Judge appropriately reduced the fees, and I agree with her that the hourly rates charged are reasonable both on the submitted affidavits and on the general range of fees that are known to this Court. The time, as adjusted, likewise is reasonable.

Accordingly the Recommended Decision of the Magistrate Judge is **AFFIRMED**. The plaintiff's Application for Award of Attorneys' Fees is **GRANTED**. The plaintiff is awarded attorneys fees in the amount of Fifty-four Thousand Seven Hundred Ninety Dollars and Fifty Cents ($54,790.50), and awarded costs to be computed by the Clerk on the basis of the plaintiff's Bill of Costs (Docket Item 91).

**SO ORDERED.**

**DATED THIS 17TH DAY OF AUGUST, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**
