**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **CIANBRO CORPORATION,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | **CIVIL NO. 08-128-P-H** |
| ) | |
| **GEORGE H. DEAN, INC.,** *D/B/A* ) | |
| **DEAN STEEL,** ) | |
| ) | |
| **DEFENDANT** ) | |

**ORDER ON MOTION TO REGISTER
JUDGMENT IN DISTRICT OF RHODE ISLAND**

Cianbro began this lawsuit under 46 U.S.C. § 31343(c)(2), seeking a declaratory judgment that two vessels were not subject to maritime liens claimed by George H. Dean, Inc. d/b/a Dean Steel. Compl. (Docket Item 1). I adopted the recommended decision by the Magistrate Judge, and a Declaratory Judgment was entered in favor of Cianbro. Order Adopting Recommended Dec. (Docket Items 77 and 78). Next, Cianbro requested attorney fees under 46 U.S.C. § 31343(c)(2). Mot. for Att'y Fees (Docket Item 87). Once again, I adopted the recommended decision by the Magistrate Judge and awarded $54,790.50 in attorney fees. Order Affirming the Recommended Dec. of the Magistrate Judge (Docket Item 104). Dean Steel appealed the award of attorney fees to the United States Court of Appeals for the First Circuit. Notice of Appeal (Docket Item 110). Cianbro then filed this motion to register the award of attorney fees in the District of Rhode Island under 28 U.S.C. § 1963.

Mot. to Register J. (Docket Item 114). Dean Steel argues that because Cianbro sought a declaratory judgment in the underlying lawsuit, registration is unavailable under 28 U.S.C. § 1963, and in any event, that Cianbro has failed to demonstrate the necessary "good cause." I find that the award of attorney fees is a "judgment" eligible to be registered and that there is "good cause" in the record to permit the registration. I therefore **GRANT** Cianbro's motion to register.

## ANALYSIS

### *Attorney Fees Satisfy 28 U.S.C. § 1963*

The federal registration statute, 28 U.S.C. § 1963, states:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963. Registration under section 1963 is contingent upon the the nature of the recovery, not the form in which the lawsuit was filed. Stiller v. Hardman, 324 F.2d 626, 627 (2d Cir. 1963) (in action brought for declaratory judgment of noninfringment, court granted registration of damages judgment on a counterclaim stating that "we cannot read the statute to make registration under Section 1963 depend upon the form in which the action is brought rather than upon the nature of the judgment."). Cianbro brought this lawsuit under 46 U.S.C. § 31343(c)(2), which provides declaratory relief to a party aggrieved by an improper filing of a notice of claim of maritime lien. 46 U.S.C.

2

§ 31343(c)(2). Cianbro received the declaratory judgment, but also received an award of attorney fees. Cianbro seeks to register only the attorney fees award, which does entitle it to the "recovery of money" within the meaning of the statute.

Dean Steel also argues that the attorney fees award cannot be registered because it is "ancillary to the judgment in the underlying action." Opp'n to Mot. for Order to Register J. at 3 (Docket Item 116). But "judgment" is defined in Rule 54(a) as "a decree or any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under 28 U.S.C. § 1291, a "final decision" may be appealed to the courts of appeals. My award of attorney fees is a final appealable order. Garcia-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 18 (1st Cir. 2005) ("There is no question that awards of attorney's fees may be appealed separately as final orders after a final determination of liability on the merits."); In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 982 F.2d 603, 610 (1st Cir. 1992) (noting that "an order which definitively resolves claims for attorneys' fees and expenses . . . is severable from the decision on the merits and sufficiently final to be separately appealable under 28 U.S.C. § 1291"). Therefore, it may be registered as a judgment in another district under 28 U.S.C. § 1963.

***Good Cause***

Dean Steel also argues that the statutory requirement of "good cause" demands more than Cianbro's statement that Dean Steel's assets are located outside this district—it requires an "assertion[ ] that [Cianbro] might be unable

3

to enforce the award of attorneys' fees should it be upheld by the First Circuit" or that "Dean Steel is attempting to conceal, transfer or hide its assets." Opp'n to Mot. for Order to Register J. at 7. I disagree.

Courts generally have held that it is sufficient under § 1963 for the movant to show "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Columbia Pictures Indus., Inc., v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197-98 (9th Cir. 2001); see also Chicago Downs Assoc., Inc. v. Chase, 944 F.2d 366, 372 (7th Cir. 1991); ClearOne Commc'ns, Inc. v. Chiang, 2009 WL 1108800, at *9 (D. Utah April 20, 2009); Hofmann v. O'Brien, 2009 WL 3216814, at *3 (D. Md. Sept. 28, 2009); Spray Drift Task Force v. Burlington Bio-Medical Corp., 429 F. Supp.2d 49, 51-52 (D.D.C. 2006); Great Am. Ins. Co. v. Stephens, 2006 WL 2349991, at *2 (E.D. Pa. Aug. 11, 2006); Schreiber v. Kellogg, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993); Woodward & Dickerson v. Kahn, 1993 WL 106129, at *1 (S.D.N.Y. April 2, 1993); Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989).[1]

Cianbro has stated that "Dean Steel is a foreign corporation having its principal place of business in Warwick, Rhode Island, see Cianbro Corp. v. George H. Dean, Inc., 596 F.3d 10, 13 (1st Cir. 2010)," and "[t]he undersigned counsel certifies that to the best of his knowledge, information, and belief,

---

[1] In reaching this conclusion, some courts have relied on academic commentary. David Siegal, Commentary to 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989) ("[t]he court should have leeway under the new provision to permit the registration on . . . a mere showing . . . that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment.")

4

Dean Steel has no assets within the District of Maine based upon a records search with the State of Maine Secretary of State for corporations authorized to do business within the State of Maine and a records search of the records of the State of Maine Secretary of State for uniform commercial code filings." Mot. for Order to Register J. at 2 (Docket Item 114). Dean Steel has not disputed either of these statements. I find, therefore, that Cianbro has satisfied the standard that the cases establish for good cause under § 1963.

Accordingly, Cianbro satisfies the requirements of 28 U.S.C. § 1963 to register its judgment in Rhode Island and I **GRANT** Cianbro's Motion to Register Judgment in the District of Rhode Island.

**SO ORDERED.**

**DATED THIS 8TH DAY OF NOVEMBER, 2010**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**